UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR MERRIWEATHER,

                         Plaintiff,

        -against-                                    9:17-CV-1129 (LEK/TWD)

ELIZABETH A. O'MEARA, *et al.*,

                         Defendant.

_____

**DECISION AND ORDER**

## I.    INTRODUCTION

        Pro se plaintiff Arthur Merriweather commenced this action seeking relief for the alleged

violation of his constitutional rights during his confinement at the Gouverneur Correctional

Facility. Dkt. No. 1 ("Complaint"). Shortly thereafter, Plaintiff filed an amended complaint

which became the operative pleading. Dkt. No. 4 ("Amended Complaint").

        In the Amended Complaint, Plaintiff claimed that he had not received proper and

adequate dental care or medical treatment for Hepatitis C while confined at Gouverneur,

resulting in a violation of his Eighth Amendment rights. Am. Compl. ¶¶ 46–54. Plaintiff also

claimed that, after filing a grievance related to his inadequate medical and dental care, he was

both (1) retaliated against in violation of his First Amendment rights, and (2) disciplined and

wrongly confined in violation of his Fourteenth Amendment rights. Id. ¶¶ 55–68. The Amended

Complaint named as defendants Dr. James Bramley, Dr. Serabian, Nurse Administrator Mulally,

Dr. Robert Kasulke, and Superintendent E. O'Meara. Id. ¶¶ 2–7.

        This Court previously reviewed the Amended Complaint in accordance with 28 U.S.C.

§§ 1915(e) and 1915A. On the basis of that review, the Court issued an order on February 16,

2018 which (1) granted Plaintiff leave to proceed in forma pauperis ("IFP"); (2) denied Plaintiff's motion for the appointment of pro bono counsel; and (3) dismissed Plaintiff's Amended Complaint for failure to state a claim. Dkt. No. 9 (the "February Order"). In light of his pro se status, Plaintiff was afforded thirty days to file a second amended complaint. Feb. Order at 14. On March 12, 2018, Plaintiff filed a second amended complaint which is now before the Court. Dkt. No. 10 ("SAC").

## II.    DISCUSSION

### A.  Sufficiency of the Second Amended Complaint

Plaintiff's Second Amended Complaint proceeds by categorizing Plaintiff's arguments and allegations into multiple sections, none of which provide a short and plain statement of the facts Plaintiff relies on in support of his claims. First, Plaintiff includes a one-paragraph statement of facts, which is drawn almost verbatim from the Amended Complaint. SAC at 2. Second, Plaintiff poses a number of the issues presented by his allegations in a question-and-answer format. Id. at 3–5. Third, Plaintiff offers a rebuttal to the Court's analysis in its February Order. Id. at 6–7. Fourth, Plaintiff reasserts his Eighth Amendment claims for inadequate medical and dental care. Id. at 7–10. Fifth, Plaintiff argues that his claims are not moot. Id. at 10–11.

Because Plaintiff's submission consists primarily of legal arguments, it neither provides a meaningful basis for the Court to assess the sufficiency of his claims nor offers Defendants a reasonable opportunity to file a meaningful response. As a result, the Court finds that the Second Amended Complaint does not cure the pleading deficiencies identified in the February Order and is subject to dismissal.

**B.  Reconsideration of the February Order**

In light of Plaintiff's pro se status and his decision to submit purported rebuttals to the February Order, the Court has also contemplated whether the Second Amended Complaint affords any legal basis upon which the February Order should be reconsidered. For the reasons set forth below, the Court concludes that it does not.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899  F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)). But "[i]n order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." Maye v. New York, No. 10-CV-1260, 2011 WL 4566290, at *2 n.6 (N.D.N.Y. Sept. 29, 2011) (quoting In re C-TC 9th Ave. P'ship, 182 B.R. 1, 2 (N.D.N.Y. 1995)). And as to the third basis for reconsideration, "the moving party [must] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

Plaintiff's Second Amended Complaint does not contend that there has been an intervening change in the controlling law, nor does it present new evidence not previously available. Rather, it merely restates Plaintiff's belief that his Eighth Amendment deliberate indifference claims have merit and that he should therefore be permitted to pursue them. SAC at 5–7. Such an argument constitutes at attempt at taking a "second bite at the apple," Sequa

3

Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998), and does not afford a basis for reconsideration of the February Order.

### C. Opportunity to Amend

In light of the applicable procedural history, the Court must now decide whether Plaintiff should be afforded yet another opportunity to file a third amended complaint or whether dismissal of this action is warranted. In light of the generous treatment already provided Plaintiff and the Court's considerable doubt that yet another opportunity to file an amended complaint will prove meaningful, the Court dismisses Plaintiff's action with prejudice. Abascal v. Hilton, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) (Kahn, J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.").

### III.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Second Amended Complaint (Dkt. No. 10) is **DISMISSED with prejudice** for failure to state a claim; and it is further

**ORDERED**, that the Second Amended Complaint affords no basis for reconsideration of the February Order (Dkt. No. 9); and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff by regular mail.

4

**IT IS SO ORDERED.**

DATED:  April 11, 2018
     Albany, New York


Lawrence E. Kahn
U.S. District Judge