UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARTHUR MERRIWEATHER,

                Plaintiff,

-against-                              9:17-CV-1129 (LEK/TWD)

ELIZABETH A. O'MEARA, *et al.*,

                Defendants.

## DECISION AND ORDER

### I. INTRODUCTION

Pro se Plaintiff Arthur Merriweather brought this action seeking relief for the alleged violation of his constitutional rights during his confinement in Gouverneur Correctional Facility. Dkt. No. 1 ("Complaint"). After a number of amendments to his Complaint, the Court eventually dismissed Plaintiff's suit with prejudice on April 11, 2018. Dkt. No. 11 ("April Order") at 4. Plaintiff appealed the April Order to the United States Court of Appeals for the Second Circuit, and the appeal was dismissed as frivolous. Dkt. No. 17 ("Mandate"). Now before the Court is Plaintiff's motion for relief from this Court's April Order. Dkt. No. 16 ("Relief Motion").

### II. BACKGROUND

Shortly after filing his original Complaint, Plaintiff filed an amended complaint. Dkt. No. 4 ("First Amended Complaint"). In his First Amended Complaint, Plaintiff claimed that he had not received adequate treatment for Hepatitis C or dental care, in violation of his Eighth Amendment rights. Id. at 9–10. Plaintiff also claimed that officials disciplined and wrongly confined him in retaliation for his grievance activity, in violation of the First and Fourteenth

Amendments. Id. at 11–13. In addition to medical providers, the First Amended Complaint named Gouverneur's Superintendent Elizabeth A. O'Meara as a defendant. Id. at 2–3.

The Court reviewed the First Amended Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A, and dismissed Plaintiff's claims for failure to state a claim. Dkt. No. 9 ("February Order") at 16. In light of his pro se status, however, Plaintiff was afforded the opportunity to file a second amended complaint. Id.

Plaintiff filed his second amended complaint on March 12, 2018. Dkt. No. 10 ("Second Amended Complaint"). The Court reviewed that pleading in accordance with §§ 1915(e) and 1915A and concluded that it did not cure the deficiencies identified in the February Order. Apr. Order at 2. In light of Plaintiff's pro se status, the Court also contemplated whether the Second Amended Complaint could be construed as a motion for reconsideration of the February Order, but found that it provided no basis for reconsidering that earlier order. Id. at 3–4. Because Plaintiff had been permitted multiple opportunities to amend his complaint to state a cognizable legal claim but had failed to do so, the Court did not provide Plaintiff with an opportunity to further amend his complaint and dismissed the action with prejudice. Id. at 4. The Court entered judgment for Defendants on April 11, 2018. Dkt. No. 12.

Plaintiff thereafter filed a notice of appeal of the Court's April Order to the United States Court of Appeals for the Second Circuit. Dkt. No. 13. The Second Circuit dismissed Plaintiff's appeal as frivolous on November 16, 2018. Mandate. Plaintiff then filed the pending Relief Motion on December 6, 2018. Relief Mot. The Clerk of the Court has forwarded the Relief Motion to the Court for review.

## III. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following six grounds upon which relief from a judgment or order may be granted: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Id. "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts." Esposito v. N.Y., No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted). Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a showing of exceptional circumstances." Barton v. Troy Annual Conference, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011) (internal quotation marks omitted).

Nevertheless, the law of the case doctrine instructs that when a court rules upon an issue, that decision continues to govern the same issues in subsequent stages of that same case. Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 7–8 (2d Cir. 1996). Although a district court retains a certain measure of discretion to revisit its own earlier rulings, that same flexibility does not empower a district court to avoid the clear dictates of an appellate court mandate. United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001) (citing United States v. Tenzer, 213 F.3d 34, 40 (2d Cir. 2000)). Upon receipt of such a mandate, the inferior court to which the matter has been remanded is left with no choice but to proceed in accordance with the mandate, as well as "such law of the case as was established by the appellate court." Stagl v. Delta Air Lines, Inc., 117 F.3d 76, 79 (2d Cir. 1997) (internal quotation marks and citation omitted); see

also Ben Zvi, 242 F.3d at 95 ("The mandate rule . . . forecloses relitigation of issues expressly or impliedly decided by the appellate court." (internal quotation marks and emphasis omitted)). Following the issuance of a mandate, the district court retains no discretion to consider questions that have been necessarily determined by the appellate court issuing the mandate. Oneida Indian Nation of N.Y. v. Cnty. of Oneida, 214 F.R.D. 83, 92 (N.D.N.Y. 2003).

**IV. DISCUSSION**

In this case, the April Order dismissed this action with prejudice. Apr. Order at 4. Plaintiff's pending motion asks the Court to vacate its April Order. Plaintiff's appeal to the Second Circuit, however, similarly argued that this Court erred in dismissing the action and asked for reversal. See Merriweather v. O'Meara, No. 18-1200, Dkt. No. 7 (Plaintiff's Brief on Appeal) (2d Cir. filed Apr. 24, 2018) (available on the Public Access to Court Electronic Records). The Second Circuit dismissed Plaintiff's appeal as frivolous, necessarily implying that the Court was correct to conclude that Plaintiff's Complaint failed to state a claim and within its discretion to dismiss with prejudice. Mandate at 1. The Second Circuit's mandate became law of the case, and this Court is now therefore precluded from revisiting its April Order.

Even if law of the case did not preclude the Court from revisiting its April Order, Plaintiff's request for reconsideration provides no legal basis under Rule 60(b) to vacate the judgment in this action. Plaintiff's motion reiterates arguments previously made in his Second Amended Complaint and/or realleges facts that the Court previously considered in determining that the Second Amended Complaint failed to cure the deficiencies identified with the First Amended Complaint, which failed to state a claim on which relief may be granted.

4

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Relief Motion (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that no further motions in this case will be entertained; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	January 14, 2019
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge